UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMY KEE,

    Plaintiff,

v.

JOANNA SAGERS, et al.,

    Defendants.

Case No. 15-cv-05056-RS

**ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## I.    INTRODUCTION

Pro se plaintiff Jeremy Kee seeks a temporary restraining order ("TRO") and presumably a preliminary injunction against defendants Sonoma County Department of Child Services ("SCDCS"); Marisa Wood, "an agent of [SCDCS]"; Jennifer Traumann,[1] Director of SCDCS; Rosie Soto, "an agent of [SCDCS]"; and Elizabeth Ryan,[2] "an agent of [SCDCS]" (collectively "the Sonoma County defendants"). Compl. ¶¶ 3-6. He insists that his ex-wife abandoned their minor children two years ago, and SCDCS's efforts to enforce and collect those payments on her behalf facilitates and encourages the abandonment of his child. This petition for a temporary restraining order was apparently prompted by the Sonoma County defendants' motion to dismiss

---

[1] In the application for a TRO, Kee seeks to restrain "Jennifer Tauman," however, the complaint refers to "Jennifer Taumann."

[2] In Kee's TRO application, he refers to Elisabeth Ryan, which is presumably the same person sued as Elizabeth Ryan.

the complaint, which Kee argues is evidence that the defendants will continue to facilitate the abandonment of his minor children. Specifically, he argues that the defendants should be restrained from violating federal, California, and Utah child welfare laws; calling his minor son; attempting to enforce the divorce and child-support decrees; and violating "a Sonoma County District Attorney findings [sic] in a good cause filing from June 2014." Application for TRO at 6. In addition, he seeks immediate disclosure of contact information for the state agent in charge of establishing programs to prevent child abuse.

Kee has not demonstrated that he is likely to suffer immediate harm or that the balance of equities tips in his favor and has therefore failed to show that either temporary injunctive relief or a preliminary injunction is appropriate. Accordingly, his application is denied.

## II.   FACTUAL AND PROCEDURAL HISTORY[3]

In December 2011, a Utah state court judge issued a divorce and child-custody decree, dissolving Kee's marriage and imposing child-support obligations. Kee and his ex-wife had joint physical and legal custody over the children. In August 2013, however, Kee avers that his ex-wife left their child, JTK, with Kee, which he contends was legal abandonment. According to Kee, his ex-wife committed child abuse, which triggers SCDCS's mandatory reporting obligations. Subsequently, Kee filed an application for a TRO to enroll JTK in school and a motion to modify the divorce decree to reflect that JTK was living with Kee in California. A Utah state court denied both requests. Kee denies that he received notice of the divorce and child-custody decrees or the denials of his TRO application and motion to modify the child-support decree.

Since the divorce, Kee has moved to California. The decree imposing child-support obligations was registered in California, and the Sonoma County defendants have sought to enforce that decree. Kee complains that he has never had an opportunity to contest the validity of these enforcement efforts. He also avers that SCDCS does not afford the same protections to male

---

[3] All facts are drawn from the complaint, the defendants' request for judicial notice, and Kee's motion for a temporary restraining order.

1  parents as female parents whose children have been abandoned to them.  In addition, Kee claims
2  that SCDCS has a policy and practice of calling parents who are caring and supporting abandoned
3  children and seizing their assets.  Finally, he contends that SCDCS's practices failed to notify him
4  of important proceedings affecting his child-support obligations.

On November 4, 2015, Kee filed claims for relief, alleging that the Sonoma County defendants violated his constitutional rights.  The Sonoma County defendants filed a motion to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  It was this decision to file a motion to dismiss the claims that apparently prompted Kee to file this application for a TRO and entry of default.  *See* Application for TRO at 4.  He claims that the motion to dismiss is evidence of the Sonoma County defendants' intent to continue to violate the law and his rights.  Kee filed a motion for entry of default against the Sonoma Defendants along with his application for a TRO.

### III.    DISCUSSION

"The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Equal Emp't Opportunity Comm'n v. Peters' Bakery*, No. 13-CV-04507-BLF, 2015 WL 4481786, at *2 (N.D. Cal. July 22, 2015) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir.2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D.Cal.1995)).  An application for preliminary relief requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc.*, 555 U.S. 7, 21-22 (2008).  The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.' ").  That test provides, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of

hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm. *Id*. at 1135. A TRO and preliminary injunction are "extraordinary and drastic remed[ies] . . . that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original).

Federal Rule of Civil Procedure 12 requires that defendants respond to a complaint within twenty-one days by filing an answer or by asserting one of seven defenses. *See* Fed. R. Civ. P. 12(a), (b). If a defendant chooses to assert one of the seven defenses, he or she must file a motion to dismiss before filing an answer to the complaint. Fed. R. Civ. P. 12(b). The Sonoma County defendants opted to file a motion to dismiss, as is there right. That decision did not alter Kee's circumstances in the slightest. Kee has not demonstrated that the TRO is necessary to protect him from imminent harm that was any different than the harm he alleged at the outset of this suit. Nor has he shown that the balance of equities has tipped in his favor. Kee's applications for a TRO and preliminary injunction must therefore be denied.

## IV.   CONCLUSION

For the foregoing reasons, Kee's applications for a TRO and preliminary injunction are denied. Kee must respond to the Sonoma County defendants' motion to dismiss by December 17, 2015. Should Kee need any assistance, he is encouraged to consult with the court's pro se help desk, available at (415) 782-8982.

**IT IS SO ORDERED**.

Dated: December 8, 2015

_____
RICHARD SEEBORG
United States District Judge