UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY KEE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOANNA SAGERS, et al.,<br><br>    Defendants. | Case No. 15-cv-05056-RS<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

## I. INTRODUCTION

This action springs from proceedings that began in the Third Judicial District Court in Salt Lake City, Utah. On December 12, 2011, a Utah state court judge issued a divorce and child-custody decree dissolving *pro se* plaintiff Jeremy Kee's marriage to his former spouse, Whitney Lovejoy. Kee and his ex-wife had joint custody over their two children, but in August 2013, Lovejoy dispatched their son to live with Kee in California. Kee moved to modify the divorce decree to reflect the new situation, but following a pivotal hearing in May 2014, lost custody of both of the children. A year later, Lovejoy registered the Utah child support order in the Sonoma County Superior Court. That led the Sonoma County Department of Child Support Services ("SCDCSS") to proceed with enforcement. Frustrated by having to pay child support even though he was caring for one of his children, Kee commenced this action. He brings claims against virtually all of the players involved in his custody proceedings for constitutional violations he allegedly suffered over the preceding three years. The instant motion to dismiss is brought by the Utah employees who were involved in the divorce and child custody proceedings. They allege defects in jurisdiction, insist they are immune from suit, and maintain Kee fails adequately to plead each of his claims for relief.

Pursuant to Civil Local Rule 7-1(b), the motion to dismiss is suitable for disposition without oral argument, and for the reasons set forth below, will be granted without leave to amend. As discussed in this Court's January 19, 2016, order, Kee seeks nothing more than a de facto appeal of a Utah state court ruling. His claims accordingly are barred by the jurisdictional barrier of the *Rooker-Feldman* doctrine.

## II. FACTUAL BACKGROUND[1]

On December 12, 2011, a Utah state court judge issued a divorce and child-custody decree dissolving Kee's marriage to his former spouse, Lovejoy, and imposing child-support obligations. Kee and his ex-wife had joint physical and legal custody over their two children—JTK, a boy, and BRK, a girl. In August 2013, however, Kee avers Lovejoy left JTK with Kee in California, which he contends was legal abandonment. Subsequently, Kee sought a court order to enroll JTK in school, and filed a motion to modify the divorce decree to reflect the new situation. Lovejoy filed a counterclaim seeking full custody of both of the children, and Joanna Sagers, a Utah state court commissioner, was assigned to take up the case. Following a hearing on May 22, 2014, Sagers recommended Kee be held in contempt for refusing to disclose his address, failing to pay child support, and failing to pay the judgment contained in his original divorce decree. Sagers further recommended Lovejoy be awarded sole legal and physical custody of both children, and that JTK be returned to Salt Lake City, with possible criminal sanctions against Kee for non-compliance.

Five days later, on May 27, 2014, Judge Chon of Utah's Third Judicial District signed an order adopting Sagers' recommendations. Specifically, the court ordered that (1) Lovejoy be awarded sole legal and physical custody of both children, (2) Kee pay child support of $1,211.00

---

[1] The factual background is based on the averments in the complaint, which must be taken as true for purposes of a motion to dismiss. Additionally, in connection with the Sonoma defendants' motion to dismiss, judicial notice was taken of the "Registration of Out-of-State Support Order," its attachments, and exhibits A, G, and L to Kee's opposition brief. *See* Dkt. No. 24 n.1. Exhibits A, B, D, J, and K to that brief may also be considered because they are incorporated by reference into the complaint. *See* Compl. ¶¶ 10, 30, 31, 33; *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002). Finally, Kee attached various exhibits to the complaint itself, which may be considered when assessing the instant motion to dismiss. *See Hal Roach Studios. Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

per month, (3) JTK be put on a plane and returned to Lovejoy's custody in Salt Lake City, (4) a Writ of Assistance issue if JTK is not returned, (5) Kee be denied parent time until he provides his home address, (6) Kee pay overdue child support, (7) the judgment against Kee be offset by an amount equal to one-half of the medical/dental expenses incurred, and (8) judgment be entered against Kee in the amount of $16,991.50.  The order was approved as to form by Kee's counsel, Gerald M. Salcido, as well as the attorney appointed Guardian ad Litem, Marco Brown.  The order was filed in Utah state court on June 2, 2014, and judgment was entered against Kee and for Lovejoy on that same day.  Kee denies the recommendations ever were reduced to a noticed and signed order, and maintains neither he nor his lawyer ever received notice of any order besides the original divorce decree.

About a year later, in May 2015, Lovejoy registered the Utah state court order with the Sonoma County Superior Court—the jurisdiction to which Kee elected to move following his divorce proceedings.  Both the superior court and SCDCSS informed Kee the order had been established, and detailed his right to challenge the validity of the order—an opportunity Kee failed to embrace.  As best as can be deciphered from Kee's complaint, SCDCSS then enforced the decree by seizing Kee's accounts, suspending his driver's license, threatening arrest, and contacting JTK.

Frustrated, though undaunted, Kee avers he began filing complaints in March 2015, including a "Motion to Strike Order" filed in Utah state court in April of that year.  Seemingly exasperated by his inability to obtain a hearing or relief of any kind in Utah state court, Kee brought the instant action on November 4, 2015.  Kee names as defendants virtually the entire cast of characters involved in his custody proceedings, including Su Chon, the Utah state court judge, Joanna Sagers, the Utah state court commissioner, Brent Johnson, a Utah state court administrator, Michele Christiansen, the alleged chairwoman of Utah's commissioner complaint review board,[2]

---

[2] This description is drawn from the complaint.  The Utah defendants maintain Michele Christiansen is a Utah Court of Appeals judge who chairs the Court Commissioner Conduct Committee.

the Office of Recovery Services within the Utah Department of Human Services ("UDHS"), Rebel Smith, Heidi Trujillo, and Liesa Stockdale, employees of UDHS, Virginia Sudbury, an attorney who appeared on Kee's behalf in Utah state court (collectively with all previous defendants, the "Utah defendants"), the Sonoma County Department of Child Support Services, Jennifer Trauman, Director of SCDCSS, and Marisa Wood, Rosie M. Soto, and Elizabeth A. Ryan, alleged "agents" of SCDCSS (collectively with the entity, the "Sonoma Defendants").

Kee brings four claims, directed at all defendants collectively, for alleged violations of his constitutional rights. He contends in particular that Sagers threatened to arrest him without any legal basis. He also avers Utah and California afford fewer protections to male parents than female parents caring for abandoned children. In addition, Kee claims all defendants summarily violate constitutional rights by maintaining a policy of seizing the assets of parents supporting abandoned children. Finally, Kee avers the defendants conspired with his ex-wife to facilitate the "court sanctioning [of] the legal abandonment of a child." Compl. ¶ 28.

The Sonoma County defendants filed a motion to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Kee then filed an application for a temporary restraining order and sought an entry of default. Kee's application was denied on December 8, 2015, and the default was denied the next day. The motion to dismiss filed by the Sonoma defendants was granted without leave to amend on January 19, 2016. The Utah defendants' motion to dismiss was filed on January 11, 2016. Kee did not file a response to the Utah motion to dismiss.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

1  misconduct alleged." *Id.*  This standard asks for "more than a sheer possibility that a defendant

2  acted unlawfully." *Id.*  The determination is a context-specific task requiring the court "to draw on

3  its judicial experience and common sense." *Id*. at 679.

4        A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil

5  Procedure tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of*

6  *Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may

7  be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts

8  alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

9  (9th Cir. 1990).  When evaluating such a motion, the court must accept all material allegations in

10  the complaint as true, even if doubtful, and construe them in the light most favorable to the non-

11  moving party. *Twombly*, 550 U.S. at 570.  "[C]onclusory allegations of law and unwarranted

12  inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim."

13  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at

14  555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory

15  statements," are not taken as true).

### IV. DISCUSSION

#### A. Subject Matter Jurisdiction

18        As explained in greater detail in the January 19, 2016, order ("prior order"), *see* Dkt. No.

19  24, the *Rooker-Feldman* doctrine divests this Court of jurisdiction over Kee's claims.[3]  Pursuant to

20  that doctrine, a federal court may not exercise jurisdiction over "cases brought by state-court

21  losers complaining of injuries caused by state-court judgments rendered before the district court

22  proceedings commenced and inviting district court review and rejection of those judgments."

23  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  That is precisely the

24  scenario Kee raises in the instant case.  Kee's complaint is replete with allegations contending his

---

[3] Importantly, Kee's four claims (and the material allegations in support) are directed against all defendants collectively.  The *Rooker-Feldman* analysis detailed in the prior order thus applies with equal force here.

injury flows from an allegedly erroneous order of the Utah state court, and he seeks as relief invalidation of that order. Additionally, to the extent Kee's claims exist apart from his de facto appeal of the Utah rulings, they nevertheless are barred because they are inextricably intertwined with the Utah state court decree. Because Kee "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision," *Reusser v. Wachovia Bank*, 525 F.3d 855, 859 (9th Cir. 2008), the *Rooker-Feldman* doctrine divests this Court of jurisdiction over his de facto appeal.

### B. Alternative Bases

Though they need not be reached, it is worth noting Kee's claims likely would fail on a number of additional bases. To begin, Kee has not made a prima facie showing of personal jurisdiction over the Utah defendants. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (noting that where personal jurisdiction is challenged, the plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant). The fact that he and his child now reside in California is not sufficient to meet his burden. *See Kulko v. Super. Ct. of Cal. In and For City and Cnty. of San Francisco*, 436 U.S. 84, 93–94 (1978) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

Next, all four claims fail adequately to plead constitutional violations. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681–82 (9th Cir. 2001) (noting that to make out a claim against a public official sued in his or her official capacity, a plaintiff must show he was deprived of constitutional rights by defendants acting under color of state law, that defendants have a custom or policy which amounts to deliberate indifference to constitutional rights, and that the policies were the proximate cause of the constitutional violations); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (noting that to hold an individual public official liable in his or her personal capacity for an action under 42 U.S.C. § 1983, the complaint must allege he or she committed specific acts of wrongdoing amounting to a violation of a constitutional right).

Further, the Utah defendants likely are immune from suit because the complaint plainly

establishes they merely adjudicated divorce and child custody proceedings or enforced the resulting orders.  Defendants Sagers, Chon, and Christiansen are all judges in the Utah state court system, and defendants Johnson, Smith, Trujillo, and Stockdale are Utah state government employees.  It is well established that judicial officers possess immunity for acts done within the scope of their judicial office, *Curry v. Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), that the Eleventh Amendment bars damages actions against state officials in their official capacities, *see Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007), and that state officials performing discretionary functions are entitled to qualified immunity so long as their conduct reasonably could be thought consistent with the rights they are alleged to have violated, *see Anderson v. Creighton*, 483 U.S. 635, 638 (1987).  Lastly, given Kee did not file an opposition to the instant motion to dismiss, the complaint is potentially subject to dismissal under Rule 41(b).  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

## V. CONCLUSION

Kee's claims are barred by the jurisdictional barrier of the *Rooker-Feldman* doctrine. Having reviewed the substantial documentary evidence Kee submitted alongside his complaint, it does not appear possible Kee can amend his pleading to overcome the jurisdictional defects.  The motion to dismiss filed by Joanna Sagers, Su Chon, Michele Christiansen, Brent Johnson, Rebel Smith, Heidi Trujillo, Liesa Stockdale, and the Office of Recovery Services within the Utah Department of Human Services will therefore be granted without leave to amend.  *See Watkins v. Proulx*, 235 Fed. App'x 678, 679 (9th Cir. 2007) ("Because [plaintiff's] action is barred by *Rooker-Feldman*, amendment of his complaint would have been futile").  Additionally, the claims against Virginia Sudbury are fatally defective for the same reasons articulated above; namely, that Kee cannot navigate beyond the well-established *Rooker-Feldman* shoal.  Accordingly, the claims against Virginia Sudbury will also be dismissed without leave to amend. *See Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635 (9th Cir. 1988) (holding "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim," and may do so without notice where, as here, "plaintiffs cannot possibly win relief").

Kee plainly disagrees with the decisions issued by the Utah state court. Any recourse he may have must be by way of an appeal within the Utah state court system.

**IT IS SO ORDERED**.

Dated: February 3, 2016

_____
RICHARD SEEBORG
United States District Judge